IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CR-150-D-2
No. 7:22-CV-94-D

| | |
|---|---|
| CHRISTOPHER NEIL MCLEAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Christopher Neil McLean ("McLean" or "petitioner") is serving a 120-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine (count one), possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine (count two), and possession of a firearm in furtherance of a drug trafficking crime (count three). On April 18, 2022, McLean moved pro se to vacate his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) [D.E. 74]. On June 14, 2022, McLean moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence on count three [D.E. 75]. On July 6, 2022, McLean moved again under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence on count three [D.E. 78]. On August 17, 2022, the government moved to dismiss McLean's motions [D.E. 81] and filed a memorandum in support [D.E. 82]. On October 6, 2022, the court notified McLean of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 84]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). McLean did not respond, and the time in which to

do so has expired. As explained below, the court grants the government's motion to dismiss and dismisses McLean's section 2255 motions.

I.

On December 9, 2020, pursuant to a plea agreement and after a thorough Rule 11 colloquy, McLean pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine (count one), possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and aiding and abetting (count two), and possession of a firearm in furtherance of a drug trafficking crime (count three). See Plea Agr. [D.E. 43]; PSR [D.E. 64]; Rule 11 Tr. [D.E. 85]. On April 19, 2021, the court held McLean's sentencing and found McLean's total offense level to be 21, his criminal history category to be I, and his advisory guideline range to be 60 months' imprisonment on counts one and two and 60 months' consecutive imprisonment on count three. See Sent. Tr. [D.E. 83] 5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McLean to 60 months' concurrent imprisonment on counts one and two and 60 months' consecutive imprisonment on count three, for a total of 120 months' imprisonment. See Sent. Tr. 5–14; [D.E. 68]. McLean did not appeal.

II.

In his motions, McLean argues that he "did not actually employ a firearm in furtherance of a drug trafficking crime." [D.E. 74, 75]; [D.E. 78] 4. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521

2

F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

McLean procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars McLean from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, McLean has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, McLean's claim fails.

Alternatively, McLean's plea agreement contains a collateral-attack waiver. See Plea Agr.

3

¶ 2(c). In the waiver, McLean agreed:

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Id. In light of McLean's Rule 11 proceeding, the collateral-attack waiver is enforceable. See Rule 11 Tr. at 2–30 ; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). McLean's claim falls within the collateral-attack waiver. Thus, the waiver bars McLean's claim.

Alternatively, the court dismisses McLean's claim for failure to state a claim upon which relief can be granted. McLean's motion appears to simply deny that he committed count three. See [D.E. 78] 4. McLean's claim that he did not commit count three, however, contradicts his sworn statements during his Rule 11 proceeding, and McLean's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 proceeding, the court asked McLean, "did you, in fact, commit the offenses charged in Counts One, Two and Three?" Rule 11 Tr. at 28. McLean replied "yes, sir." Id. McLean also confirmed that he understood his right to plead not guilty and proceed to trial. See id. at 18. Accordingly, McLean's claim fails.

The record also contradicts McLean's claim about claim three. According to the PSR, police stopped McLean with crystal methamphetamine, buprenorphine, baggies, glass pipes, digital scales,

4

currency, and a firearm. See PSR ¶ 14. In an unprotected statement to police, McLean confessed that he knew the firearm was "beside the seat" of his car while he was transporting the methamphetamine. Id. at ¶ 15. McLean also admitted that "he brought a firearm with him during their trips because [his co-defendant] was fearful of being robbed." Id. at ¶ 22. McLean did not object to this evidence in the PSR. See PSR Add.; Sent Tr. 4–5. Accordingly, McLean's assertion that he did not commit count three fails.

The cases McLean cites in his motions do not help him. See [D.E. 74, 75]. First, McLean argues that his use of the firearm was not "active" under Bailey v. United States, 516 U.S. 137 (1995). [D.E. 74] 1. Congress, however, amended 18 U.S.C. § 924(c) after Bailey to criminalize "possession" of a firearm "in furtherance of" a drug trafficking crime. See 18 U.S.C. § 924(c); United States v. Lomax, 293 F.3d 701, 704 (4th Cir. 2002). Therefore, McLean's arguments based on Bailey and its progeny fail.

Next, McLean argues that the Supreme Court found the crime of possession of a firearm in furtherance of a drug trafficking crime unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319 (2019). See [D.E. 74] 2–3. In Davis, however, the Court only held that the "residual clause" of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. See Davis, 139 S. Ct. at 2336. McLean pleaded guilty to violating 18 U.S.C. § 924(c)(1)(A). Thus, Davis does not help McLean.

After reviewing the claim presented in McLean's motions, the court finds that reasonable jurists would not find the court's treatment of McLean's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

5

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 81], DISMISSES petitioner's section 2255 motions [D.E. 74, 75, 78], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of November, 2022.

JAMES C. DEVER III
United States District Judge